UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ANTHONY H. CAMPBELL, )
 )
    *Plaintiff*, )
 )
v. ) No.   3:10-cv-438
 )     (JORDAN)
 )
KNOXVILLE POLICE DEPT., et al., )
 )
    *Defendants*. )

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss filed by defendant J.J. Jones and plaintiff's response thereto, the motion to dismiss or in the alternative for summary judgment filed by the remaining defendants, and various non-dispositive motions filed by the parties. For the following reasons, the motion to dismiss filed by defendant J.J. Jones [Court File No. 5] will be **GRANTED**, the motion for summary judgment filed by the remaining defendants [Court File No. 23] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**.

I.      Standards of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493.

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a

2

Case 3:10-cv-00438   Document 36   Filed 09/26/11   Page 2 of 7   PageID #: 117

matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted).

II.     Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. He brought this action during his confinement in the Knox County Detention Facility. Defendant J.J. Jones is the Sheriff of Knox County, Tennessee. Plaintiff also named as defendants the following Knoxville police officers: Jeffery Green, Dick Taylor, Gordan E. Swathney, Michael Early-Wine, and R.A. Cook.[1] Plaintiff alleged in his complaint that the Knox County officers conspired to have him falsely arrested for the manufacture, delivery, sale, or possession of cocaine in an amount greater that .5 grams, which led to his indictment in the Criminal Court for Knox County, Tennessee. Plaintiff also alleged that he was being illegally held on a $15,000.00 appearance bond. He seeks compensatory and punitive damages for his alleged illegal arrest and confinement.

Defendant Jones moves to dismiss the case against him for failure to state a claim upon which relief can be granted, and plaintiff has filed his response to that motion. The remaining defendants have filed a motion to dismiss or in the alternative for summary judgment, and allege that plaintiff has failed to state a claim upon which relief can be

---

[1]Plaintiff also named as defendants the Knox County Sheriff's Office, the Knoxville Police Department, and the State of Tennessee, all of which were dismissed by the court *sua sponte*.
3

granted; they also aver that they are entitled to judgment as a matter of law. Plaintiff filed a motion for extension of time to respond to the motion to dismiss or in the alternative for summary judgment. He has now filed his response to that motion and his motion for extension of time [Court File No. 27] will be **GRANTED NUNC PRO TUNC** as of August 23, 2011.

III.  Discussion

Plaintiff made no specific allegations against defendant Jones in his complaint and for that reason defendant Jones moves to dismiss the complaint against him. In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

In response to the motion to dismiss, plaintiff asserts that his claim against defendant Jones is that the defendant is plaintiff's custodian and that plaintiff seeks damages against defendant Jones for his illegal detention. Plaintiff also alleges that he sought his release from custody as a claim in his complaint.

4

A review of the complaint does not show that plaintiff sought release from custody. In any event, his sole federal remedy in that regard is to seek a writ of habeas corpus after he has exhausted his state court remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).

With respect to his claim for money damages against defendant Jones for illegal detention, plaintiff admits that he was being held pursuant to a criminal indictment. That being so, he cannot recover damages for false imprisonment. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 145 (1979) (to establish a claim of false imprisonment, a plaintiff must show that he was held against his will and without legal process). Accordingly, the motion to dismiss filed by defendant Jones will be **GRANTED**.

The remaining defendants move to dismiss the complaint against them and aver that plaintiff has stated no facts to support his claim that his arrest was illegal. In *Pierson v. Ray*, 386 U.S. 547, 557 (1967), the Supreme Court held that a police officer's common law defense of probable cause is available to the officer in an action under § 1983 for false arrest. Based on that holding, the Court of Appeals for the Sixth Circuit has held that a finding of guilt in a state court, when the plaintiff had a reasonable and fair opportunity to litigate his claim of illegal arrest, precludes the plaintiff from asserting in federal court that the defendant police officer acted without probable cause in arresting the plaintiff. *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988).

> "[W]e conclude that the proper accommodation between the individual's interest in preventing unwarranted intrusions into his liberty and society's interest in encouraging the apprehension of criminals requires that § 1983 doctrine be deemed, in the absence of any indication that Congress intended otherwise, to incorporate the common-law principle that, where law

5

enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause."

*Id*. at 143 (quoting with approval *Cameron v. Fogarty*, 806 F.2d 380, 388-89 (2d Cir. 1986)).

In support of their motion for summary judgment, the defendants have submitted copies of plaintiff's guilty plea to possession of cocaine for resell and possession of cocaine for delivery as well as the acceptance of his guilty plea by the Criminal Court of Knox County, Tennessee. [Court File No. 24, Motion to Dismiss, Exhibits 1 and 2, respectively]. Having voluntarily pleaded guilty and been found guilty of the cocaine charges, plaintiff is foreclosed from seeking damages against the Knoxville police officers based upon a claim of false arrest. *Walker v. Schaeffer*, 854 F.2d at 142.

In addition, a recovery of damages for false arrest or false imprisonment would necessarily render invalid plaintiff's conviction on the cocaine charges. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). For that reason, plaintiff is not entitled to recover money damages against the defendants. Accordingly, the motion for summary judgment filed by the remaining defendants will be **GRANTED**.

IV.  Conclusion

Plaintiff's motion for extension of time will be **GRANTED NUNC PRO TUNC** as of August 23, 2011. The motion to dismiss filed by defendant J.J. Jones will be **GRANTED** and the motion for summary judgment filed by the remaining defendants will be **GRANTED**. This action will be **DISMISSED WITH PREJUDICE**. All other pending

6

motions will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

   **AN APPROPRIATE ORDER WILL ENTER.**

                s/ Leon Jordan
               United States District Judge